UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:24CV-P83-JHM

HENRY PRICE, III                                                    PLAINTIFF

v.

LAURA PLAPPERT *et al*.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry Price, III, filed the instant *pro se* 42 U.S.C. § 1983 action.  The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP).  He sues KSP Warden Laura Plappert; Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews; KSP Records Coordinator Courtney Martin; and KSP Corrections Officer Mrs. Knoth.  He sues each Defendant in his or her individual and official capacities.

Plaintiff states that he is alleging "the restriction of correspondence" in violation of the First Amendment and "the deprivation of property" in violation of the Fourteenth Amendment. He states that on November 22, 2023, he filled out an inmate money transfer authorization form authorizing $35.00 to be deducted from his institutional account "for the purpose of purchasing a one year subscription of the USA Today newspaper."  He asserts, "Upon the arrival of the first subscription, it was rejected by Defendant Knoth who alleged that the newspaper was 'unauthorized.'"  He appealed the rejection to Defendant Plappert.  He reports that on December 9, 2023, he received a response to the appeal "where it was alleged that the order was not made in accordance with KDOC policies and procedures."

Plaintiff states that on March 27, 2024, he forwarded a request to inspect public records to Defendant Martin and "specified his request to obtain a copy of 'appeal to Deputy Warden Jacob Bruce on our around 3-18-3024.'"  He asserts that on March 28, 2024, he received a response to his request and that "Defendant Martin forwarded a copy of another inmates banking information." He states, "As a result of the issues in the complaint Plaintiff lost funds that have never been returned."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of modification of KDOC procedures.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*,

58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

#### A.  *Official-capacity claims for damages*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"   *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Defendants are officers or employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983.  Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

### B.  Claims against Defendant Crews

Plaintiff sues Defendant Crews, but the complaint states no allegations against her.  To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  The doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy*, 729 F.2d at 421.  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff makes no allegation that Defendant Crews was personally involved in the violation of his rights.  Therefore, Plaintiff's individual-capacity claim against Defendant Crews will be dismissed for failure to state a claim upon which relief may be granted.

### C.  Claims against Defendant Martin

Plaintiff states that he forwarded a request for a copy of his appeal to Defendant Martin and that he received a response to his request in which "Defendant Martin forwarded a copy of another inmates banking information."  The Court can discern no violation of Plaintiff's

constitutional rights based on these allegations.  Therefore, the Court will dismiss the individual-capacity claim against Defendant Martin.

### D.  Claims against Defendants Knoth and Plappert

Broadly construing the complaint, as is required at this stage, the Court will allow Plaintiff's claims based on violations of the First and Fourteenth Amendments to proceed against Defendants Knoth and Plappert in their individual capacities for damages and in their official capacities claims for injunctive relief.  In allowing claims to continue, the Court passes no judgment on their merit or ultimate outcome.

## IV.  CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims for damages against all Defendants and individual-capacity claims against Defendants Crews and Martin are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED to terminate** Cookie Crews and Courtney Martin as Defendants in this action because no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:

cc:    Plaintiff, *pro se*
       Defendants Knoth and Plappert
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010